CHICAGO PNEUMATIC TOOL CO. v. CLEVELAND PNEUMATIC TOOL CO.

(Circuit Court, W. D. Pennsylvania. August 1, 1904. On Rehearing, January 28, 1907.)

No. 22.

PATENTS—INFRINGEMENT—PNEUMATIC TOOL.

The Boyer patent, No. 537,629, for a pneumatic tool, *held* not infringed.

In Equity.  On final hearing.

Rector, Hibben & Davis, for complainant.
Hector T. Fenton and E. Hayward Fairbanks, for defendant.

BUFFINGTON, District Judge.  In this case the Chicago Pneumatic Tool Company moves for a preliminary injunction against the Cleveland Pneumatic Tool Company to restrain infringement of complainant's patent No. 537,629, for a pneumatic tool, issued to Boyer April 16, 1895.  As to the claims here involved, the patent was adjudged valid by the Circuit Court of Appeals for this circuit in Boyer v. Keller Tool Company, 127 Fed. 132, 62 C. C. A. 244.  No additional facts are now shown to qualify the conclusiveness of that decision, so that the only question before us is one of infringement. As the art to which the case appertains is fully set forth in the fore-

going case (see also [C. C.] 110 Fed. 217), we refrain from any present statement thereof.

In the respondent's long stroke hammer, which differs in form most widely from the infringing device in that case, we have a pneumatic tool with a grasping handle secured thereto, a pressure supply duct extending through the lower limb of the handle, and a throttle lever controlling such pressure and located in the inside of the grasping portion of the handle. The position of this lever is such that it and the handle may be included in the grasp of one hand. Now claim 42, which is:

"In a pneumatic tool, the combination with the tool proper, of a grasping handle secured thereto and having the pressure supply duct extending through it, and a throttle valve in the grasping portion of said handle for controlling said duct, substantially as described"

—was considered and construed in the foregoing case. It was there said of it:

"The combination is simply of a throttle valve in the handle in conjunction with a supply duct running through it, and that is all that is required to fulfill its terms."

It was accordingly held that a tool carrying "the supply duct through the lower end of the handle direct to the head block of the piston chamber" was in that regard within the claim; the court saying that the claim was not "confined to one in which it (the supply duct) traverses the whole handle, or the grasping portion of it, longitudinally," and "the defendant's tool does not escape infringement by having the grasping portion of the handle connected with the head block by a lower neck or arm and leading the supply duct through it. To accomplish this, the duct has first to pass through that portion of the handle which is to be grasped by the operator, and this it efficiently does, even though it only traverses the end of it sectionally." So construed, it is clear, beyond question, the claim covers respondent's hammer in question, so far as its supply duct is concerned.

The two devices as to the supply ducts are the same. The only difference between them lies in the other element of combination, the throttle valve. The court refused to restrict this claim to any particular form of construction of throttle, holding it covered any combination "whatever the character of their throttle valve, provided only, it is located in the grasping portion of the handle." Now, the lever or handle which controls the respondent's air supply is pivoted at the lower end of the grasping portion of its handle, but it extends up and falls within the grasp limit of the hand of the operator which grips the handle. Its location is clearly "in the grasping portion of said handle for controlling said duct." It is, however, contended the location of the piston chamber in an exterior lug at the foot of the handle relieves it of the charge of infringement. It will be noted, however, that the piston shaft and the lever which actuates it are both in the handle, and while in the Keller device both piston shaft and chamber were located within the handle, yet what the court regarded and spoke of as the valve was the handle which controlled and

actuated the air supply.    Thus, in discussing the devices of the parties in that suit, it was said:

"In each, in the terms of the patent, the throttle valve controlling the supply duct is made up of a spring pressed lever pivoted in a recess of the handle and extending outside of it into position to be pressed upon by the hand of the operator."

As we gather from that case, the location of the valve-controlling mechanism with relation to the grasping portion of the handle was the matter of substance. We thereupon regard the location of the valve chamber, whether in the body of the handle or at its end, to be a mere matter of formal detail; the substantial point being that its place of control is in the grasping portion of the handle.

Following, therefore, as we are bound to do, the construction placed on this claim by the appellate court, it is our duty to hold the respondent infringes.

## On the Merits.

This case was before us on motion for preliminary injunction. For the purpose of completing the record, we add hereto, as expressive of our personal views, a copy of our opinion then delivered. The Circuit Court of Appeals having reversed the case, and held there "was no material difference between the Low tool, which, as we have seen, was found not to be an anticipation, and those of the appellants," our duty is therefore to enter a decree dismissing the bill for noninfringement.

Let such decree be entered.